AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle District of Florida | |
|---|---|---|
| Name (under which you were convicted):<br><br>DAVID GASCOT LUGO | | Docket or Case No.: |
| Place of Confinement : GULF CORRECTIONAL INSTITUTION<br>500 IKE STEEL RD., WEWAHICHKA, FL 32465-0010 | Prisoner No.: | G45306 |

Petitioner (include the name under which you were convicted)        Respondent (authorized person having custody of petitioner)

DAVID GASCOT LUGO                    v.        RICKY D. DIXON

The Attorney General of the State of:        ASHLEY MOODY

*(stamp: CLERK US DISTRICT COURT MIDDLE DISTRICT FLORIDA ORLANDO, FL  2023 JUN -9 PM 3: 14  RECEIVED)*

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   NINTH JUDICIAL CIRCUIT

   (b) Criminal docket or case number (if you know):    2017-CF-15388-C-0

2. (a) Date of the judgment of conviction (if you know):    ON OR ABOUT JUNE 14, 2018

   (b) Date of sentencing:    RESENTENCED MARCH 15, 2019

3. Length of sentence:    25 YEARS WITH 15 YEARS MINIMUM MANDATORY PLUS $250,000 MANDATORY FINE AND $12,000 COURT COST AND INVESTIGATION

4. In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   COUNT ONE - TRAFFICKING IN COCAINE; COUNT TWO & THREE - CONSPIRACY TO

   TRAFFICKING COCAINE; COUNT FOUR & FIVE - USE OF TWO WAY COMMUNICATION

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty            ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____ N/A _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes   ☒ No

8.   Did you appeal from the judgment of conviction?

    ☒ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: _____ FIFTH DISTRICT COURT OF APPEAL OF FLORIDA _____

(b) Docket or case number (if you know): _____ 5D-18-2078 _____

(c) Result: _____ PER CURIAM AFFIRMED _____

(d) Date of result (if you know): _____ NOVEMBER 22, 2019 _____

(e) Citation to the case (if you know): _____ LUGO v. STATE, 281 So.3d 618(Fla. 5th DCA 2019) _____

(f) Grounds raised:

_____ THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE THE RECORDED PHONE CALLS _____

_____ THAT OCCURED AFTER OCTOBER 30, 2017. (STATE EXHIBITS 2628, 29, 31, 32, 33, 34 AND 35) _____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Name of court: _____ N/A _____

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Result: _____ N/A _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know):    N/A

(5) Citation to the case (if you know):    N/A

(6) Grounds raised:    N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):    N/A

(2) Result:    N/A

(3) Date of result (if you know):    N/A

(4) Citation to the case (if you know):    N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:    FIFTH DISTRICT COURT OF APPEAL

(2) Docket or case number (if you know):    5D20-0449

(3) Date of filing (if you know):    FEBRUARY 13, 2020

(4) Nature of the proceeding:    WRIT OF HABEAS CORPUS BASED UPON APPELLATE COUNSEL INEFFECTIVE ASSISTANCE

(5) Grounds raised:

ONE THROUGH FOUR LISTED WITHIN THIS PETITION; FIVE THROUGH TWELVE

ATTACHED SEPARATELY.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:    DENIED

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____JUNE 4, 2020_____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____NINTH JUDICIAL CIRCUIT_____

(2) Docket or case number (if you know): _____2017-CF-15388-C-0_____

(3) Date of filing (if you know): _____MARCH 23, 2020; AMENDED APRIL 30, 2021_____

(4) Nature of the proceeding: _____MOTION FOR POST-CONVICTION RULE 3.850_____

(5) Grounds raised: 1. Whether Gascot was deprived of effective assistance of counsel where his counsel spent major portion of the trial searching the internet on his tablet/laptop. 2. Whether trial counsel rendered ineffective assistance by failing to properly inform Gascot the consequences of not taking the State's plea offer of 15 years state prison sentence, or by allowing that offer to expire. 3. Whether trial counsel failed to properly preserve for appellate review the trial court's denial of a challenge for cause to juror No. 25 after having exhausted all his peremptory challenges thereby depriving Gascot of full plenary appellate review. 4. Whether trial counsel rendered ineffective assistance where he challenged the disparity of Gascot's sentence in comparison to the sentence his co-defendants received, but failed to provide the court with any citations of authority to support his argument. 5. Whether trial counsel rendered ineffective assistance by failing to file a motion to dismiss the information where information's narrative is based upon same facts. 6. Trial counsel's cumulative errors.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _____DENIED_____

(8) Date of result (if you know): _____FEBRUARY 28, 2022 and MARCH 3, 2022_____

(c) If you filed any third petition, application, or motion, give the same information:    N/A

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ☒ No

(7) Result:    **DENIED**

(8) Date of result (if you know):    **FEBRUARY 28, OR MARCH 3, 2022**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ❏ Yes    ☒ No

(2) Second petition:    ☒ Yes    ❏ No

(3) Third petition:    ❏ Yes    ❏ No    **N/A**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

THE FIRST PETITION WAS FILED IN THE APPELLATE COURT.  THE SECOND WAS APPEALED.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE THE RECORDED PHONE CALLS THAT OCCURED AFTER OCTOBER 30, 2017.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE TRIAL COURT ALLOWED THE STATE TO INTRODUCE FACTS WHICH OCCURED AFTER PETITIONER'S ARREST.

(b) If you did not exhaust your state remedies on Ground One, explain why:

IT WAS EXHAUSTED.

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**    YES

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

    IT WAS RAISED.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes  ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   OCTOBER 29, 2019

Result (attach a copy of the court's opinion or order, if available):

    Lugo v. State, 281 So.3d 618( Fla. 5th DCA 2019) AFFIRMED citing Calvert v. State, 730 So.2d 316,319 ~~( Fla. 5th DCA 1999)( Holding co-conspirator's statements made after conspiracy ended was inadmissible,~~ but error is subject to harmless error analysis).

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes  ☒ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes  ☒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes  ☒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    IT WAS RAISED ON DIRECT APPEAL

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One:    N/A

**GROUND TWO:** Whether Gascot was deprived of a full plenary appellate review where trial counsel was denied
a challenge for cause to juror No. 25 after having exercised all his peremptory challenges, but
the voire dire jury selection was never transcribed nor does Appellate counsel raise this claim.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During the exercises of peremptory challenges trial counsel challenge juror 25 for cause, on the basis the juror wa
an assistant manager for Sutherland and used to write violations which were skin to a prosecution in a civil matter
which implies both actual bias and implied bias the trial court denied the challenge, but it was not raised on direct
appeal.

(b) If you did not exhaust your state remedies on Ground Two, explain why:    IT WAS EXHAUSTED

(c)    **Direct Appeal of Ground Two:**    NO

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

   (2) If you did not raise this issue in your direct appeal, explain why:
       APPELLATE COUNSEL FALED TO DO SO

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☒ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:    PETITION FOR HABEAS CORPUS RULE 9.141

   Name and location of the court where the motion or petition was filed:    FIFTH DISTRICT COURT OF APPEAL

   Docket or case number (if you know):    5D20-0449

AO 241 (Rev. 09/17)

Date of the court's decision:    JUNE 4, 2020

Result (attach a copy of the court's opinion or order, if available):    UNAVAILABLE

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    UNAVAILABLE

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This issue involved claim of ineffective assistance of Appellate counsel.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :    NONE

**GROUND THREE:** Whether Appellate counsel rendered ineffective assistance by failing to argue vindictiveness of court, and failing to challenge imposition of a harsher sentence after unsuccessful plea bargaining.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE DOCUMENT ATTACHED

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____
_____

(c)    **Direct Appeal of Ground Three:**   NO

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    <u>It involves claims of ineffective assistance of Appellate counsel</u>
        which is appropriate under Rule 9.141

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:    HABEAS CORPUS UNDER RULE 9.141

    Name and location of the court where the motion or petition was filed:    FIFTH DISTRICT COURT OF APPEAL

    Docket or case number (if you know):    5D20-0449

    Date of the court's decision:    JUNE 4, 2020

    Result (attach a copy of the court's opinion or order, if available):    UNAVAILABLE

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:    N/A

    Docket or case number (if you know):    N/A

    Date of the court's decision:    N/A

    Result (attach a copy of the court's opinion or order, if available):    UNAVAILABLE

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This issue involved claim of ineffective assistance of Appellate counsel.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:     NONE

**GROUND FOUR:** Whether Appellate counsel rendered ineffective assistance by failing to challenge the disparity of Gascot sentence in comparison to the sentences his co-defendant received.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Gascot adopted and incorporated by reference the supporting facts as set forth in " Ground Three."
But submitted that under Florida's law disparity sentences among co-defendant can constitute a " Manifest injustices that can be raise at any time.

(b) If you did not exhaust your state remedies on Ground Four, explain why:     IT WAS EXHAUSTED

(c)    **Direct Appeal of Ground Four:**     NO

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

APPELLATE COUNSEL FAILED TO DO SO

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    PETITION FOR HABEAS CORPUS RULE 9.141

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:   **FIFTH DISTRICT COURT OF APPEAL**

Docket or case number (if you know):   5D20-0449

Date of the court's decision:   JUNE 4, 2020

Result (attach a copy of the court's opinion or order, if available):   UNAVAILABLE

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   UNAVAILABLE

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This issue involved claim of ineffective assistance of Appellate counsel.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:   NONE

GROUNDS 5 - 12 ATTACHED SEPARATELY

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

     (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

           having jurisdiction?    ☒  Yes        ☐  No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

           presenting them:    N/A

     (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

           ground or grounds have not been presented, and state your reasons for not presenting them:

           N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

     that you challenge in this petition?    ☐  Yes    ☒ No

     If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

     raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

     of any court opinion or order, if available.    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

     the judgment you are challenging?    ☐  Yes    ☒ No

     If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

     raised.    N/A

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:        UNKNOWN

       (b) At arraignment and plea:       UNKNOWN

       (c) At trial:        ENEID BANO, ASSISTANT PUBLIC DEFENDER

       (d) At sentencing:        THE SAME

       (e) On appeal:        AILENES S. ROGERS, ASSISTANT PUBLIC DEFENDER

       (f) In any post-conviction proceeding:

       (g) On appeal from any ruling against you in a post-conviction proceeding:        NONE


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?        ☐    Yes    ☒    No
       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
           N/A

       (b) Give the date the other sentence was imposed:        N/A
       (c) Give the length of the other sentence:        N/A
       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?        ☐    Yes    ☒    No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
           THIS PETITON IS TIMELY FILED

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

  AN EVIDENTIARY HEARING AND APPOINT COUNSEL OR ANY OTHER RELIEF TO WHICH PETITIONER MAY
  BE ENTITLED.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ 6-2-23 _____ (month, date, year).

Executed (signed) on _____ 6-2-23 _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

## GROUND THREE – SUPPORTING FACTS:

On April 23,2018, the trial court asked defense counsel what was going on with Gascot since she heard rumors that he did not want to plea, and she got a letter from Gascot in Spanish requesting a new lawyer. In response, Mr. Bano told the Court that the last time he spoke with Gascot, he was willing to plea, but on the next court date he was unable to attend instead, had another lawyer to cover up for him. Now he was ready for trial (T2). Next, the Court asked whether the plea was still on the table, and both Mr. Bano and Mr. Diaz stated that it was not (4-6). The court conducts a " Nelson Hearing ", she placed Gascot under oath and asked about the letter he sent to her concerning his attorney. According to Gascot, Mr. Bano never answered the phone hence, he felt like Mr. Bano has not done anything for him. (T9-10). Mr. Bano conveyed to the Court that he was appointed in the case on January 8, 2018, and on February 3, 2018, he handed the discovery to Gascot. He also visited Gascot on March 16, 23 and April 6, 2018. To the contrary, Gascot indicated that when Mr. Bano came to see him, he never explained anything to him or what options were available to him. He asked Mr. Bano to come back and it took Mr. Bano a month to come back. So thus, he felt there was not enough satisfactory communication among them. Especially, when all Mr. Bano did was to insist that he should take the 15-years plea (T11-12). Mr. Bano told the court Gascot had an opportunity to work a lower plea than 15-year, but the testimony he provided to the MBI Agents was not satisfactory to them. So the last word Mr. Bano received from Gascot was he wanted a trial. The Trial Court acknowledged that there was no longer a plea offer, and told Gascot she did not find Mr. Bano was ineffective based upon what he has told her hence, he had two choices , continue with his attorney or he could fire him and represented himself (T13-14) Gascot was originally sentenced, June 14,2018, the Trial Court reviewed the " PSI" and read all the letters which were written in Spanish as she was fluent in Spanish. Mr. Días informed the Court that he had prepared two scoresheets: One with the trafficker enhancer and a second one without it. He requested that the Court use the trafficker enhancer and a second one without it. He requested that the Court use the trafficker enhancement. To the contrary, Mr. Bano indicated that Gascot scored up 231.68 points with the enhancement, and without the enhancement 147.45 hence, the Court should exercise its discretion and not impose the enhancement. Mr. Diaz called Agent Averano to testify about the case how he conducted the investigation and about Gascot's involvement in the case. Mr. Bano called Gascot's friend Mr. Ayala, his neighbor Yajahira Rodriguez, his sister Carmen Nicholson, his nephew Joel Jahved Irizary Gascot. Gascot testified and apologized for his actions. Mr. Diaz, once again went through the facts of the case, he told the Court that they had two kilo of cocaine in hand, the one they did not have were the ones from Omayra Ocasio who said that the day after the stop, Erika called Gascot on the phone because she wanted that kilo out of her apartment and he came quickly and delivered it to him. The four packages are the one that triggered Omayra Ocasio's suspicion. He recommended a 40-years sentence. To the contrary, Mr. Bano pointed out that if Gascot was such a bad person why the State offered him 15-years state prison sentence, that to sentence him to 40-years would be to penalized him for having exercise his right to trial, Gascot had apologized to the Court and admitted certain things to the MBI trying to cooperate, but apparently that was not good enough. He argued for a downward departure sentence, Mr. Bano argued Gascot's participation was minimal comparing to that of the other participants, Gascot was married with children, and had no prior record. That the Court should consider the fact the State was willing to give Gascot 15-years sentence, and there was a signed plea agreement from the State where the State was willing to stipulate to waive the 15-year minimum mandatory. The Court found the trafficking enhancement appropriate, she awarded Gascot 199-days' time served, sentenced him to 25-years minimum mandatory plus imposed $250,000 mandatory fine and $12,000 court cost and investigation cost. On March 15, 2019, Gascot was resentenced, Mr. Diaz addressed the Court and stressed that both parties agree the scoresheet should not have the trafficker enhancement. A new scoresheet was handed to the Court, these shows 224.6 total sentence points with a 147.5 lowest permissible sentence in months. Again, Mr. Diaz recommended 40-years prison sentence. Mr. Bano pointed out; the new scoresheet reflects significant lower range. Even though, the Court could still impose 15-years minimum mandatory sentence. He was able to look at some of Gascot's co-defendant and at the sentences they received. He found out, Luis Borges Rosado who was the one

who was sending the packages got 16-years. Nobody got more than 15-years. Gascot was the only one who stood trial and at the time he was originally sentenced, the scoresheet was wrongfully calculated, and he got 25-years. If the Court recalled Gascot signed a plea agreement for 15-years, and it did not go through. Although, the Court was willing to accept the 15-years at the time . Hence, he asked for a 15-year mandatory minimum. As he believed the 25-year originally imposed was too harsher where Gascot had no prior criminal history, was 40-years old with three children. Mr. Bano told the Court he had couple of witnesses but, the Court did not believe these witnesses have anything different from what she heard the first time. Mr. Bano did told her it was the same witnesses, but did not know if the Court remembered. The Court indicated, she remembered the testimonies, and said she knew why she sentenced Gascot to 25-years and it had nothing to do with the scoresheet. Gascot addressed the Court and stressed, he would like to one day, turn a new leaf in his life, and be able to see his family once again, he learned to see life differently and to value the freedom he once had. The Court adjudicated him guilty on all counts and again stated, the reason she sentenced Gascot to 25-years prior had nothing to do with the scoresheet. The pleas that were entered in the other cases were plea deals that were cut with the State for a variety of reasons much of which she was not privy to. At the time she was presented with a plea offer of 15-years, she had heard some factual basis on a couple of plea, but did not know what Gascot's involvement was, during trial, she heard evidence and the jury found Gascot guilty of bringing large quantities of cocaine into the State. Gascot's behavior was fleshed out and she learned more about his involvement in the case, that what she knew at the time of the plea. So she felt the 25-years was appropriate and imposed the same sentence which she originally imposed. Despite, the fact, under Florida's law resentenced is De Novo.

## GROUND FIVE:

"Whether Appellate counsel rendered ineffective assistance by failing to raise the trial court denial of the motion for judgment of acquittal where the evidence was legally insufficient to support Gascot's convictions. "

(a) SUPPORTING FACTS:

Trial counsel moved for Judgment of Acquittal, and addressed each count giving reasons why he believe the evidence was legally insufficient. The Trial Court denied the motion. The State evidence relied extensively on the testimonies of several individuals to establish that Gascot participated in Racketeering, trafficking of cocaine and conspiracy to trafficking cocaine. But, no direct evidence was ever introduced during the course of the trial that Gascot actually touched any cocaine. Instead, the State's evidence that was introduced emanated and was limited exclusively to individuals who did got physically caught with cocaine and then after blamed Gascot as the original source of the drug supplier after they were in jail and became State's witnesses. No evidence was introduced showing Gascot agreed, conspired, combined, or Confederated with another person to commit any prohibited act under Florida's law.  In sum, trial counsel " JOA " was based upon specific facts, argument, and well detailed, but Appellate counsel failed to raise it.

(b) If you did not exhaust your state remedies on Ground four, explain why:) It was exhausted.

(c). Direct Appeal of Ground Four: No

(1) If you appealed from the judgment of conviction, did you raise this issue? [] Yes [√] No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel failed to do so.

(d). Postconviction Proceedings:

(1) Did you raise this through a post-conviction motion or petition for habeas corpus in a state trial court?

[√] Yes [] No                          .

(2) If you answer to Question (d)(1) is " Yes," state:

Type of motion or petition: Petition for Habeas Corpus Rule 9.141

Name and location of the court where the motion or petition was filed: Fifth District Court of Appeal

Docket or case number: 5D20-0449

Date of the court's decision: June 4,2020

Result ( attach a copy of the court's opinion or order, if available) :

Unavailable

(3) Did you receive a hearing on your motion or petition?

[] Yes [√] No

(4) Did you appeal from the denial of your motion or petition?

[] Yes [ √] No

(5) If your answer to Question (d)(4) is " Yes," did you raise this issue in the appeal? [] Yes [√] No

(6) If your answer to Question (d)(4) is " Yes," state:

Name and location of the court where the appeal was filed : N/A

Docket or case number ( if you know) : N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available: Unavailable

(7) If your answer to Question (d)(4) or Question (d)(5) is " No,"

explain why you did not raise this issue: This issue involved claim of ineffective assistance of Appellate counsel.

(c) OTHER REMEDIES:  Describe any other procedures ( such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four : None


## GROUND SIX:

Whether Appellate counsel rendered ineffective assistance by failing to argue that the convictions and sentences violated Gascot's right to not be placed in jeopardy twice for the same offenses.

(a) SUPPORTING FACTS:

The narrative in the information of the predicates to sustain the racketeering charge are based upon the same facts of Count Two, Three, and Four. The entire prosecution's case was based upon what transpired on October 30, 2017, which occurred as a continued criminal episode in a couple of hours, and involves the two kilos of cocaine that were the subject of the prosecution.

(b) If you did not exhaust your state remedies on Ground Six, explain why:) It was exhausted.

(c). Direct Appeal of Ground Sixth: No

(1) If you appealed from the judgment of conviction, did you raise this issue?  [ ] Yes  [√ ]  No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel failed to do so.

(d). Postconviction Proceedings:

(1) Did you raise this through a post-conviction motion or petition for habeas corpus in a state trial court?  [√] Yes [] No

(2) If you answer to Question (d)(1) is " Yes," state:

Type of motion or petition: Petition for Habeas Corpus Rule 9.141

Name and location of the court where the motion or petition was

filed: Fifth District Court of Appeal

Docket or case number: 5D20-0449

Date of the court's decision: June 4,2020

Result (attach a copy of the court's opinion or order, if available):

Unavailable

(3) Did you receive a hearing on your motion or petition?

    [] Yes [√]  No

(4) Did you appeal from the denial of your motion or petition?

    [] Yes [ √] No

(5) If your answer to Question (d)(4) is " Yes," did you raise this issue in the appeal? [ ] Yes  [ √]  No

(6) If your answer to Question (d)(4) is " Yes," state:

    Name and location of the court where the appeal was filed : N/A

    Docket or case number ( if you know) : N/A

    Date of the court's decision: N/A

  Result ( attach a copy of the court's opinion or order, if available: Unavailable

    (7) If your answer to Question (d)(4) or Question (d)(5) is " No," explain why you did not raise this issue: This issue involved claim of ineffective assistance of Appellate counsel.

(c) OTHER REMEDIES:  Describe any other procedures ( such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six : None


## GROUND SEVEN:

Whether Gascot was deprived of effective assistance of counsel where his counsel spent major portion of the trial searching the internet on his table/laptop.

(a) SUPPORTING FACTS:

    Trial Counsel spent the entire trial, on his tablet/laptop searching the internet. Every time the prosecutor was questioning witnesses, counsel was on his laptop. This claim could have been further developed had the court would have granted an evidentiary hearing.

(b) If you did not exhaust your state remedies on Ground Seven, explain why:) It was exhausted

(c).  Direct Appeal of Ground Seven : No

    (1) If appealed from the judgment of conviction, did you raise this issue? [ ] Yes  [ √ ]  No

    (2) If you did not raise this issue in your direct appeal, explain why:

      This claim was not cognizable on direct appeal.

(d). Postconviction Proceedings:

    (1) Did you raise this through a post-conviction motion or petition for habeas corpus in a state trial court? [√] Yes [] No

    (2) If you answer to Question (d)(1) is " Yes," state:

    Type of motion or petition: Postconviction motion Rule 3.850(a), (b)

    Name and location of the court where the motion or petition was filed : Ninth Judicial Circuit court in and for Orange County

Docket or case number): 2017-CF-15388-C-0

Date of the court's decision : February 28 or March 3,2022

Result (attach a copy of the court's opinion or order, if available) :   Unavailable

(3) Did you receive a hearing on your motion or petition?     [ ] Yes  [ √ ]  No

(4) Did you appeal from the denial of your motion or petition?        [ √] Yes [] No

(5) If your answer to Question (d)(4) is " Yes," did you raise this issue in the appeal? [ √] Yes [] No

(6) If your answer to Question (d)(4) is " Yes," state:

Name and location of the court where the appeal was filed :

Fifth District Court of Appeal

Docket or case number: D5-22-0823

Date of the court's decision: About August 2022. Final Mandate

September 06,2022

Result (attach a copy of the court's opinion or order, if available ):

Per Curium Affirmed. Opinion unavailable

(7) If your answer to Question (d)(4) or Question (d)(5) is " No," explain why you did not raise this issue:  It was raised

  (c) OTHER REMEDIES:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven : None


## GROUND EIGHT:

Whether trial counsel rendered ineffective assistance by failing to properly inform Gascot the consequences of not taking the State's plea offer of 15-years state prison sentence, or by allowing that offer to expire?

(a) SUPPORTING FACTS:

Trial counsel allowed State's plea offer of 15-years state prison sentence to expire and failed to properly inform Gascot of the consequences of not taking it . Even though, the trial Court would have accepted Gascot's plea.

Trial counsel did not show up, in court, on the date Gascot would have pled guilty. Instead, he sent another attorney to stand for him on that date. This new attorney was unaware of the previous negotiations between Gascot, the prosecution, and Mr. Bano  as a result, he never brought Gascot before the court. Further, the State Attorney conceded, in his response that the record reflects, that at some point Gascot wanted to plea  but Mr. Bano sent another attorney, in his place for a hearing.

  Further, Gascot adopted and incorporated by references the supporting facts in "Ground Three" as part of the facts in this ground.  (b) If you did not exhaust your state remedies on Ground Eight  explain why:) It was exhausted

(c). Direct Appeal of Ground Seven: No

    (1) If you appealed from the judgment of conviction, did you raise this issue? [ ] Yes  [ √ ]  No

(2) If you did not raise this issue in your direct appeal, explain why: This claim was not cognizable on direct appeal.

(d). Postconviction Proceedings:

(1) Did you raise this through a post-conviction motion or petition for habeas corpus in a state trial court? [√] Yes [] No

(2) If you answer to Question (d)(1) is " Yes," state:

Type of motion or petition: Postconviction motion Rule 3.850(a), (b)

Name and location of the court where the motion or petition was filed : Ninth Judicial Circuit court in and for Orange County

Docket or case number): 2017-CF-15388-C-0

Date of the court's decision : February 28 or March 3,2022

Result (attach a copy of the court's opinion or order, if available):

Unavailable

(3) Did you receive a hearing on your motion or petition?    [] Yes [ √] No

(4) Did you appeal from the denial of your motion or petition?    [ √] Yes [] No

(5) If your answer to Question (d)(4) is " Yes," did you raise this issue in the appeal? [ √] Yes [] No

(6) If your answer to Question (d)(4) is " Yes," state:

Name and location of the court where the appeal was filed:  Fifth District Court of Appeal

Docket or case number: D5-22-0823

Date of the court's decision: About August 2022 . Final Mandate  September 06,2022

Result (attach a copy of the court's opinion or order, if available): Per Curium Affirmed. Opinion unavailable

(7) If your answer to Question (d)(4) or Question (d)(5) is " No," explain why you did not raise this issue:  It was raised

(c) OTHER REMEDIES:  Describe any other procedures ( such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight : None


## GROUND NINTH:

"Whether trial counsel failed to properly preserve for appellate review the trial court's denial of a challenge for cause to juror No.: 25 after having exhausted all his peremptory challenges  thereby depriving Gascot of a full plenary appellate review."

SUPPORTING FACTS:

Juror No. 25 statements during voice dire evince " actual bias and implied bias.  Trial counsel could have used the extra peremptory challenge he was given for the alternate juror  instead, waived the issue by accepting the

jury as selected. Further, counsel never realized or revised the juror's questionnaire which would have revealed juror No. 3, or 951 who claimed in it that she was once, Baker Acted." (T 36-54).

The voice dire transcript was never transcribed which could have help Gascot to further developed the material facts of this claim however,

after the trial court stroke this claim with leave to Amend, Gascot filed a motion for trial transcript to obtain the jury selection "voir dire" which could have aid Gascot to formulate this ground better, but the trial court dismissed the motion. Despites , Gascot compliance with all requirements mandate by Florida law.

Lastly, Gascot adopted and incorporated by references the supporting facts in "Ground Two " as part of the facts in this ground.

(c). Direct Appeal of Ground Ninth: No

    (1) If you appealed from the judgment of conviction, did you raise this issue? [ ] Yes [ √ ] No

    (2) If you did not raise this issue in your direct appeal, explain why:

        This claim was not cognizable on direct appeal.

(d). Postconviction Proceedings:

    (1) Did you raise this through a post-conviction motion or petition for habeas corpus in a state trial court? [√] Yes [] No

    (2) If you answer to Question (d)(1) is " Yes," state:

    Type of motion or petition : Postconviction motion Rule 3.850(a),(b)

    Name and location of the court where the motion or petition was filed : Ninth Judicial Circuit court in and for Orange County

    Docket or case number): 2017-CF-15388-C-0

    Date of the court's decision : February 28 or March 3,2022

    Result ( attach a copy of the court's opinion or order, if available): Unavailable

    (3) Did you receive a hearing on your motion or petition? [ ] Yes [ √ ] No

    (4) Did you appeal from the denial of your motion or petition? [ √] Yes [] No

    (5) If your answer to Question (d)(4) is " Yes," did you raise this issue in the appeal? [ √] Yes [ ] No

    (6) If your answer to Question (d)(4) is " Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal

    Docket or case number: D5-22-0823

    Date of the court's decision: About August 2022 . Final Mandate September 06,2022

    Result (attach a copy of the court's opinion or order, if available): Per Curium Affirmed. Opinion unavailable

    (7) If your answer to Question (d)(4) or Question (d)(5) is " No," explain why you did not raise this issue: It was raised

(c) OTHER REMEDIES:  Describe any other procedures ( such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ninth : None

## GROUND TEN:

Whether trial counsel rendered ineffective assistance where he challenged the disparity of Gascot's sentence in comparison to the sentence his co-defendants received, but failed to provide the court with any citations of authority to support his argument.

SUPPORTING FACTS:

There are numerous authorities under Florida's law to guide lower court confronted with co-defendant's treatment and sentences, but in this case trial counsel failed to cite any citations of authorities for either to support a downwards departure sentence or for the court to considered the disparate sentence treatment.

Further, for purposes of this claim Gascot adopts and incorporated by references the supporting facts as set forth in Ground Three and Four.

(c). Direct Appeal of Ground Ten : No

(1) If you appealed from the judgment of conviction, did you raise this issue?  [ ] Yes  [√ ] No

(2) If you did not raise this issue in your direct appeal, explain why: Appellate counsel failed to do so.

(d). Postconviction Proceedings:

(1) Did you raise this through a post-conviction motion or petition for habeas corpus in a state trial court?  [√] Yes [] No

(2) If you answer to Question (d)(1) is " Yes," state:

Type of motion or petition: Petition for Habeas Corpus Rule 9.141

Name and location of the court where the motion or petition was filed: Fifth District Court of Appeal

Docket or case number: 5D20-0449

Date of the court's decision: June 4,2020

Result (attach a copy of the court's opinion or order, if available): Unavailable

(3) Did you receive a hearing on your motion or petition?  [] Yes [√] No

(4) Did you appeal from the denial of your motion or petition?  [] Yes [ √] No

(5) If your answer to Question (d)(4) is " Yes," did you raise this issue in the appeal?  [ ] Yes  [ √] No

(6) If your answer to Question (d)(4) is " Yes," state:

Name and location of the court where the appeal was filed : N/A

Docket or case number ( if you know) : N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available: Unavailable

(7) If your answer to Question (d)(4) or Question (d)(5) is " No,"

explain why you did not raise this issue: This issue involved claim of ineffective assistance of Appellate counsel.

(c) OTHER REMEDIES: Describe any other procedures ( such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten: None

## GROUND ELEVEN:

Whether trial counsel rendered ineffective assistance by failing to file a motion to dismisses the Information where information's narrative is based upon the same facts.

SUPPORTING FACTS:

Further, for purposes of this claim Gascot adopts and incorporated by references the supporting facts as set forth in Ground Six.

c). Direct Appeal of Ground Eleven : No

(1) If you appealed from the judgment of conviction, did you raise this issue? [ ] Yes  [√ ]  No

(2) If you did not raise this issue in your direct appeal, explain why: Appellate counsel failed to do so.

(d). Postconviction Proceedings:

(1) Did you raise this through a post-conviction motion or petition for habeas corpus in a state trial court?  [√] Yes [] No

(2) If you answer to Question (d)(1) is " Yes," state:

Type of motion or petition: Petition for Habeas Corpus Rule 9.141

Name and location of the court where the motion or petition was filed: Fifth District Court of Appeal

Docket or case number: 5D20-0449

Date of the court's decision: June 4,2020

Result (attach a copy of the court's opinion or order, if available): Unavailable

(3) Did you receive a hearing on your motion or petition?  [] Yes [√] No

(4) Did you appeal from the denial of your motion or petition?  [] Yes [ √] No

(5) If your answer to Question (d)(4) is " Yes," did you raise this issue in the appeal? [ ] Yes  [ √] No

(6) If your answer to Question (d)(4) is " Yes," state:

Name and location of the court where the appeal was filed : N/A

Docket or case number ( if you know) : N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available: Unavailable

(7) If your answer to Question (d)(4) or Question (d)(5) is " No,"

explain why you did not raise this issue: This issue involved claim of ineffective assistance of Appellate counsel.

(c) OTHER REMEDIES:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eleven  None

## GROUND TWELVE:

Both the Trial counsel's and Appellate Counsel's cumulative errors which were exhausted at the trial court level and at the appeal level.

AO 241 (Rev. 09/17)

PROVIDED TO GULF CI
MAILROOM

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

APR 20 2023

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)** INMATE'S INITIALS *DGL*

INMATE'S INITIALS *DGL*
MAY 31 2023
MAILROOM
PROVIDED TO GULF CI

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State  Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

CLERK
MIDDLE
U.S DISTRICT
DISTRICT
ORLANDO
COURT
FLORIDA
2023 JUN -9
RECEIVED
15

Page 1 of 16